9962

## GLASGOW v. PACIFIC MILLS.

### (96 S. E. 137.)

1. MASTER AND SERVANT—EVIDENCE ADMISSIBLE UNDER PLEADING.—
When an answer set up contributory negligence, it was competent
for plaintiff, who was injured by a bale of cotton linters falling off
an elevator, to testify that his way of placing the bale on the ele-
vator was according to instructions, although complaint did not
allege that the master was negligent in giving such instructions.

2. NEW TRIAL—MISCONDUCT OF COUNSEL—PROOF BY SUGGESTION.—The
asking of questions calling for incompetent and irrelevant testi-
mony, which are not answered, does not call for setting aside of a
verdict, unless they are persistently pressed after they have been
ruled out, with the manifest object to get by suggestion that which
it is unlawful to prove directly.

3. TRIAL—INSTRUCTIONS.—An instruction that it was the duty of the
master to furnish the servant safe, instead of "reasonably" safe,
machinery was not reversible error, where immediately the Court
said: "If the master fails by negligence to live up to any one
of those duties by want of ordinary care, * * * that other can com-
plain of it."

4. MASTER AND SERVANT—INJURIES TO SERVANT—ELEVATOR—QUESTION
FOR JURY.—Whether master furnished a reasonably safe elevator,
from which a bale of cotton linter fell on a servant, *held*, under the
evidence, for the jury.

Before WHALEY, County Judge, Richland, October term,
1917. Affirmed.

Action by John Glasgow against the Pacific Mills. Judg-
ment for plaintiff, and defendant appeals.

*Messrs. Wm. Elliott* and *Jas. H. Fowles,* for appellant,
submit: *The asking of questions calling for incompetent and
irrelevant testimony, even though not answered, is prejudi-
cial and calls for the setting aside of the verdict:* 92 S. C.
262; 172 N. Y. 507; 65 N. E. 494. *The Judge's charge
requires the master to furnish safe and suitable machinery
and appliances and a safe place to work, without qualification,*

25—109.

*and is, therefore, erroneous:* 70 S. C. 477; Labatt on Master and Servant, vol. I, p. 53, par. 25; 135 U. S. 570; note in L. R. A. (N. S.) 602.

*Messrs. A. W. Holman* and *A. F. Spigner,* for respondent, cite: *As to not allowing party to contradict his own witness:* 28 S. C. 187; 1 Bailey 32; Cheves 44; 4 Rich. 240; 43 S. C. 126; 73 S. C. 120. *As to the admission of irrelevant testimony being harmless error unless appellant can show how he was injured:* 72 S. C. 120. *As to matters stated only in the exceptions:* 27 S. C. 226; 28 S. C. 247; 29 S. C. 147; 96 S. C. 267. *As to the failure of appellant to call the attention of the presiding Judge to the conduct and remarks of opposing counsel:* 81 S. C. 24; 80 S. C. 352. *As to exceptions being too general:* 41 S. C. 118; 36 S. C. 65.

April 22, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort to the person; recovery for an unstated amount; appeal by defendant.

These were the circumstances of the transaction: The plaintiff, a negro, was trucking bales of cotton linters from freight cars to an elevator in a cotton mill; the bales, four at a time, were loaded on the elevator, and thus loaded the elevator was then hoisted by electric power to a second floor above; three bales had been put on the elevator, and the plaintiff trucked the fourth bale and put it on; as the elevator went up with its load, a bale fell off it onto the plaintiff and sprained his left ankle and his right knee, and chipped a small piece of bone off just above the left ankle. The appellant argued four exceptions to the trial.

The plaintiff testified, against objection, that his master told him how to place a bale on the elevator—"to lean it to

keep it from falling." The objection to the testimony was that the complaint had not alleged "any such negligence as that against the mills, that they had told him to lean it against the walls." But the answer had alleged that the plaintiff himself was negligent, and the testimony tended to show that the leaning of the bale was not a lack of care on the plaintiff's part. The testimony was, therefore, responsive to the entire pleadings.

The plaintiff's counsel did put to the witness, Boling, questions calculated to extract incompetent and irrelevant testimony. But upon objection the questions were withdrawn. It is true that sometimes the putting of such a question might work the same mischief as the answering of it would. That, however, depends upon all the circumstances of the trial. If such questions should be persistently pressed after they had been ruled out, and with the manifest object to get by indirection and by suggestion that which it was unlawful to prove directly, then it would be good ground for the trial Court to peremptorily cut short such a procedure, or to set a verdict aside. The record does not disclose that there was such a procedure by the plaintiff's counsel in the instant case.

The charge of the Court, with reference to the duty cast by law on the defendant, was not fatally wrong. The Court did instruct the jury, *inter alia,* that the master's duty was to furnish to the servant safe machinery and appliances to work with, and to see that they were kept in repair. The criticism of the appellant is that the master is only required to supply reasonably safe machinery. That is true. But immediately after the use of the words remarked upon the Court said:

"If the master fails by *negligence* to live up to any one of those duties by want of *ordinary care,* and that failure results in injury to another, that other can complain of it."

It is manifest, therefore, that by the authority cited by the appellant (1 Labatt, par. 25) the Court made the failure to exercise ordinary care the test of the defendant's liability.

The last exception, too, is without merit. There was testimony tending to prove that the cables of the elevator were over slack, that the elevator snatched and jerked, that it could not be readily stopped, and that the master's attention had been called to these circumstances, and he had promised to remedy them; and the master did not deny that he had promised to repair, though he was a witness. It is true this testimony of the plaintiff was denied, and that made the issue for a jury.

The exceptions are all overruled, and the judgment is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. CHIEF JUTICE GARY concurs in the result.